NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANKLIN BAEZ MORFA, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY BLINKEN et al., <br><br> Defendants. | Civil Action No.: 21-20483 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court by way of defendants Secretary of the Department of Homeland Security Anthony Blinken, Director of the United States Citizenship and Immigration Services ("USCIS") Tracy Renaud, USCIS Field Office Director Paulo Correia, USCIS District Director John E. Thompson, United States Attorney General Merrick B. Garland, and Acting United States Attorney for the District of New Jersey Rachael A. Honig's[1] ("Defendants") motion to dismiss (ECF No. 8) Franklin Baez Morfa's Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition (ECF No. 10), and Defendants replied (ECF No. 11). The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' motion to dismiss is granted, and Plaintiff's Complaint is dismissed.

I.     **BACKGROUND**[2]

This immigration action arises out of a dispute over Plaintiff's residency status in the United States. Plaintiff was born on January 2, 1964, in the Dominican Republic to Santiago Baez and Ana Josefa Morfa. ECF No. 1 at ¶ 22 (citing ECF No. 1-3 ("Exhibit") 1). Santiago Baez,

---

[1] The Director of the USCIS is now Ur M. Jaddou, while the United States Attorney for the District of New Jersey is now Philip R. Sellinger.

[2] The following facts are accepted as true for the purposes of the motion to dismiss.

Plaintiff's father, was born in Ponce, Puerto Rico on February 28, 1945, and died on April 26, 2011. *Id.* at ¶ 23 (citing Exhibit 2). Ana Josefa Morfa, Plaintiff's mother, was born in Santo Domingo, Dominican Republic on September 19, 1942. *Id.* at ¶ 24. In 1965, she was lawfully admitted to the United States, and ultimately was naturalized as a United States citizen on July 14, 1993. *Id.* Santiago Baez and Ana Josefa Morfa were married in a civil ceremony in the Bronx, New York on May 4, 1972. *Id.* at ¶ 25 (citing Exhibit 3). Approximately two years later, on June 27, 1974, Plaintiff was admitted to the United States as a lawful resident. *Id.* at ¶ 26 (citing Exhibit 4). Plaintiff then lived with his parents and siblings at 212 East 95th Street, New York, New York. *Id.* at ¶ 27.

In 1994, Plaintiff submitted a request to the Immigration and Nationality Service ("INS") for information regarding his residency status.[3] *Id.* at ¶ 34. In response to Plaintiff's inquiry, on October 18, 1994, INS determined that Plaintiff was a United States citizen, acquiring this residency status through his father, Santiago Baez. *Id.* (citing Exhibit 6). Thereafter, on February 10, 1997, Plaintiff filed an application with INS to replace a permanent resident card ("I-90 application"). *Id.* at ¶ 35 (citing Exhibit 7). After reviewing Plaintiff's request, INS did not grant the application, finding instead that Plaintiff gained citizenship through his father and thus directing the Plaintiff to "complete [the application] for citizenship and return it to [INS] for issuance of a certificate of citizenship in your own name." *Id.* at ¶ 36 (citing Exhibit 8). Plaintiff further alleges, that consistent with INS records, he is listed as a United States citizen in records held by other federal agencies, including the Federal Bureau of Investigation. *Id.* at ¶ 40 (citing

---

[3] INS was previously part of the United States Department of Justice and is the predecessor agency to the USCIS, having been dissolved in 2003. *Ahlijah v. Mayorkas*, No. 20-cv-63, 2022 WL 834418, at *1 (D. Del. Mar. 21, 2022).  USCIS, housed in the Department of Homeland Security, is now the federal agency currently tasked with administering immigration services. *Romanyuk v. Lynch*, 151 F. Supp. 3d 559, 564 n.4 (E.D. Pa. 2015).

Exhibit 10). On October 17, 2018, Plaintiff submitted a second I-90 application to INS's successor agency, USCIS. *Id.* at ¶ 37 (citing Exhibit 9). On December 3, 2020, despite INS's determination regarding Plaintiff's first I-90 request that Plaintiff was a United States citizen, USCIS denied Plaintiff's application because it determined that Plaintiff was not a lawful permanent resident. *Id.*

In addition to his I-90 applications, Plaintiff has filed other applications with USCIS. First, on July 25, 2017, Plaintiff petitioned USCIS for a certificate of citizenship ("N-600 application"), which the agency denied on March 24, 2021. *Id.* at ¶¶ 42–43 (citing Exhibits 11–14). USCIS found that, in contravention of federal law, Plaintiff failed to establish that his father was physically present in the United States for a period of at least ten years, five of which were after his father turned 14 years old and prior to Plaintiff's birth. *Id.* at ¶ 44. On April 27, 2021, Plaintiff appealed this decision. *Id.* at ¶ 30. Second, on January 30, 2019, Plaintiff filed an application for naturalization ("N-400 application"). *Id.* at ¶ 49 (citing Exhibit 15). At the time Plaintiff initiated this action, on December 13, 2021, Plaintiff alleged that USCIS had decided neither his N-600 application appeal, nor his N-400 application. *Id.* at ¶¶ 30, 49.

Plaintiff brought this action to dispute the USCIS's determinations that he was neither a lawful permanent resident nor a United States citizen, as well as to challenge the USCIS's failure to resolve Plaintiff's pending applications. In his Complaint, Plaintiff seeks the following relief: 1) that the Court find Plaintiff meets the requirements for citizenship and/or naturalization, and exercise its alleged authority to grant Plaintiff's request for citizenship and/or naturalization, pursuant to 28 U.S.C. § 2201(a) and 8 U.S.C. § 1147(b); 2) that the Court find Defendants' polices, practices, or customs violate Plaintiff's substantive and procedural due process rights protected by the Fifth Amendment to the United States Constitution; 3) that the Court compel Defendants to adjudicate Plaintiff's pending applications; 4) that the Court find Defendants' practices and

procedures related to Plaintiff's applications arbitrary and capricious, and not in accordance with law, in violation of 5 U.S.C. §§ 701 et seq.; and 5) that the Court declare Defendants' actions are unconstitutional, violate the Immigration and Nationality Act ("INA"), and are arbitrary and capricious.

On March 7, 2022, Plaintiff advised the Court that "many of the issues in this case have been resolved." ECF No. 7 at 1. Specifically, Plaintiff represented that USCIS had issued him a permanent resident card, Plaintiff had voluntarily withdrawn his pending N-400 application, and USCIS denied Plaintiff's pending N-600 application appeal. *Id.* Thus, according to Plaintiff, the only issue left before the Court was whether "Mr. Baez Morfa is a United States citizen by derivation through his father, pursuant to INA § 301(a)(7)." *Id.* On March 29, 2022, Defendants moved to dismiss Plaintiff's remaining claim that this Court should grant him United States citizenship. ECF No. 8. Plaintiff filed an opposition on June 15, 2022 (ECF No. 10), and Defendants replied on June 22, 2022 (ECF No. 11).

## II.   LEGAL STANDARD

### Fed. R. Civ. P. 12(b)(6)

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all

reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

## III.   <u>DISCUSSION</u>

Defendants argue that Plaintiff's Complaint should be dismissed because he cannot, and has never been able to, fulfill the statutory requirements for acquiring citizenship through his father Santiago Baez, pursuant to INA § 301(a)(7) (1952).[4] ECF No. 8 at 4–6. Specifically, Defendants argue that pursuant to the statute, Plaintiff must demonstrate that his father was in the United States or its outlying possessions for at least five years after turning 14 years old, but before Plaintiff was born. However, Santiago Baez was born on February 28, 1945, meaning he turned 14 on February 28, 1959. As Plaintiff was born January 2, 1964, Santiago Baez had been present in the United States for less than five years before Plaintiff was born. Thus, Defendants assert Plaintiff cannot meet the statutory requirements stated in section 301(a)(7). Further, while the Government

---

[4] The parties agree that Plaintiff is subject to this statutory provision. ECF Nos. 1, 8, 10; *see also Madar v. U.S. Citizenship & Immigr. Servs.*, 918 F.3d 120, 122 (3d Cir. 2019) (first finding that in citizenship disputes courts apply the statute in effect at the time of petitioner's birth to the claims, and second subjecting a petitioner born in 1964, like Plaintiff here, to the Immigration and Nationality Act of 1952).  The statute reads in relevant part:

> (a)  The following shall be nationals and citizens of the United States at birth:
>
> . . .
>
> (7) A person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years . . . . INA § 307(a)(7) (1952).

recognizes INS made an error in finding Plaintiff was a citizen in 1994, USCIS is not required to uphold the mistake.[5] *Id.* at 6–7.

In his opposition, Plaintiff concedes that he is not eligible for citizenship pursuant to section 301(a)(7) because he does not satisfy the statutory requirements enumerated therein. ECF No. 10 at 1. Nevertheless, Plaintiff maintains that this Court should exercise its alleged authority to grant him citizenship. Specifically, Plaintiff argues such relief is warranted because: 1) he detrimentally relied on INS's erroneous finding that he was a citizen for most of his life; and 2) section 301(a)(7) violates the Fifth Amendment's equal protection clause as it discriminates on the basis of age. *Id.* at 1–2.

Plaintiff's argument that the Court should use its authority to grant him citizenship because he relied on the erroneous INS determination that he was a citizen is unavailing. As an initial matter, an agency is "not bound by a prior decision later determined to be erroneous." *Doe v. U.S. Citizenship & Immigr. Sers.*, 410 F. Supp. 3d 86, 99 (D.D.C. 2019); *see also Décor Team LLC v. McAleenan*, 520 F. Supp. 3d 1212, 1217–1218 (D. Az. 2021) (citing *Seven Star, Inc. v. United States*, 873 F.2d 225, 227 (9th Cir. 1989)). Accordingly, USCIS was within its authority to correct its previous error, and, despite INS's initial decision, determine that Plaintiff does not qualify for citizenship through his father pursuant to section 301(a)(7). Moreover, this Court has no authority to grant Plaintiff citizenship through the Court's powers of equitable relief for relying on INS's erroneous decision. *Hizam v. Kerry*, 747 F.3d 102, 110 (2d Cir. 2014) (finding the court had no power to grant citizenship to petitioner who relied on an erroneous granting of United States

---

[5] The Court notes that Defendants also argue that, in the alternative, Plaintiff's claims against Defendants Anthony Blinken, Merrick Garland, and Rachael Honig should be dismissed because they were not involved in the alleged misconduct. ECF No. 8 at 7–9. For the reasons expressed further below, because the Court dismisses the Complaint in its entirety on other grounds, it need not address this argument.

6

citizenship for more than twenty years); *Dominguez-Gonzalez v. Clinton*, 454 F. App'x 287, 289–290 (5th Cir. 2011) ("Equitable relief is generally not available with respect to the conferral of citizenship."). As such, INS's mistake in finding Plaintiff a United States citizen and Plaintiff's subsequent reliance on this determination do not warrant the relief Plaintiff seeks from the Court.

Further, to the extent Plaintiff argues that section 301(a)(7) is unconstitutional because it discriminates on the basis of age in violation of the Fifth Amendment's equal protection clause, that argument is also without merit. Because Plaintiff's equal protection claim arises in the immigration context and is based upon an age classification, the Court employs rational basis review. *See Guzman v. U.S. Dept. of Homeland Sec.*, 679 F.3d 425, 431–432 (6th Cir. 2012) (finding that an age-based equal protection challenge to an immigration statute receives rational basis review); *see also Tineo v. Att'y Gen. of the U.S.*, 937 F.3d 200, 210 (3d Cir. 2019) ("[B]ecause of Congress's broad power to admit or exclude [noncitizens], statutes governing immigration benefits to noncitizens need only be supported by a rational basis."). To satisfy rational basis review, a court must find that "there is a rational relationship between the disparate treatment and some legitimate governmental purpose." *Mejia v. Ashcroft*, 360 F. Supp. 2d 647, 653 (D.N.J. 2005) (citing *Heller v. Doe*, 509 U.S. 312, 320 (1993)). The statute being analyzed under rational basis is presumed to be valid. *Cabrera v. Att'y Gen. of the U.S.*, 921 F.3d 401, 404 (3d Cir. 2019) (citation omitted). Thus, for a plaintiff to succeed on a claim that a statute reviewed under rational basis is unconstitutional, he has the burden to "negate every conceivable justification for the classification in order to prove that the classification is wholly irrational." *Brian B. ex rel. Lois B. v. Com. of Pa. Dept. of Educ.*, 230 F.3d 582, 586 (3d Cir. 2000).

Here, Plaintiff asserts that section 301(a)(7) violates the Fifth Amendment's equal protection clause because an individual could satisfy all other statutory requirements but still be

barred from transferring citizenship to his child if that child was born before the parent turned 19 years old. ECF No. 10 at 2. Stated otherwise, Plaintiff contends that under section 301(a)(7) whether citizenship can be conferred through parentage is "based almost exclusively on age." *Id.* According to Plaintiff, "[a] parent, assuming they have otherwise met the physical presence requirements of the statute, should be able to transmit citizenship onto their child regardless of their age." *Id.* However, Plaintiff has not satisfied his burden to demonstrate why section 301(a)(7) should not survive rational basis review because he has not "negate[d] every conceivable justification for the classification in order to prove that the classification is wholly irrational." *Brian B. ex rel. Lois B.*, 230 F.3d at 586. In any event, age requirements in immigration statutes, including section 301(a)(7), are rationally related to Congress's interest in achieving the legitimate purpose of ensuring that a citizen parent has developed ties to the United States sufficient to pass along those ties to his child. *See United States v. Flores-Villar*, 497 F. Supp. 2d 1160, 1165 (S.D. Cal. 2007) (finding section 301(a)(7)'s age requirement rationally related to the Government's interest in fostering ties to the United States); *see also Guzman*, 679 F.3d at 432 (finding the same regarding INA § 201(g)). Accordingly, Plaintiff has not demonstrated that section 301(a)(7) is unconstitutional.

## IV.    <u>CONCLUSION</u>

Accordingly, **IT IS** on this 27th day of October, 2022;

**ORDERED** that Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 8) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

s/ Claire C. Cecchi

**CLAIRE C. CECCHI, U.S.D.J.**